LEAR, Judge.
This is the suit by the widow and minor child of the decedent, Richard Calvin Brown, under the Louisiana Workman’s Compensation Law. The defendants are Thunderbird Enterprises, Inc., a Louisiana Corporation, and it’s compensation insurance carrier.
The petition alleges that decedent was employed by defendant Thunderbird Enterprises, Inc. at the time he suffered a fatal heart attack as a result of his exertions in chasing and seeking to capture three pigs which had gotten loose from their sty.
*1007 Thunderbird Enterprises, Inc. was formed in May of 1975 and shortly thereafter purchased from one Bruce Facundas certain acreage and recreational facilities located in Livingston Parish, Louisiana, on the banks of the Amite River. There was a house trailer situated on the grounds of Thunderbird Park which was owned individually by Mr. Facundas and which was not included in the sale of the property to Thunderbird Enterprises, Inc.
Mr. Facundas merely allowed the trailer to remain on the grounds and allowed its occupancy by Mr. Brown, the decedent, who had worked for the Facundas family prior to the acquisition of Thunderbird Park by Thunderbird Enterprises, Inc.
Mr. Facundas did not require the payment of any rent, but allowed the decedent to occupy it rent free. Thunderbird Enterprises, Inc. apparently paid all utilities used by Mr. Brown in the trailer without any cost to Mr. Brown whatsoever.
The park closed on Labor Day of 1975 and at the time all of the employees were discharged, except Mr. Brown. Thunderbird Enterprises, Inc. kept Mr. Brown as an employee for the Saturday following Labor Day to help with an Allied Chemical Employee picnic and for two additional days cleaning up and single “winterizing” the park and its equipment. The decedent was paid Twenty ($20.00) dollars per day for these three days work, but then he likewise was discharged although he was allowed to maintain his residence in the trailer as a gratuity until such time that he could find another place to live.
William McClure, Jr., the general manager of defendant corporation was the only man kept on as an employee and he and his father, a principal stock holder of the defendant corporation, both testified that they had determined not to reemploy Mr. Brown.
In the meantime, Mr. William McClure, Jr. had been given three piglets which were kept in a pen on the western edge of the property near the river. Mr. McClure had told Mr. Brown that if he would help feed and care for the pigs, he would give him one of them when he decided to slaughter the other two which he intended to use for his own consumption. In early October, 1975, the pigs got out of their pen and Mr. McClure left a note on the trailer door telling Mr. Brown that they were out and asking that he try to catch them.
It was the decedent’s attempt to catch these pigs that resulted in the unusual exertion on his part which resulted in his fatal heart attack. At this time, decedent’s employment by the defendant corporation had ended and there were no plans to hire anyone until the following summer and no plans to rehire Mr. Brown at that time. His living quarters and utilities although formerly fringe benefits, became a gratuity after his employment ceased.
The raising and caring for the pigs was a joint venture involving Mr. Brown and Mr. McClure, Jr. and not involving the defendant corporation whatsoever and the fatal instant occurred at a time when no employment relationship existed between the decedent and his former employer, Thunderbird Enterprises, Inc.
Careful reading of the reasons for judgment given by the District Court reveals no error and therefore judgment is hereby affirmed; appellant to pay all costs.
AFFIRMED.